**LOCAL 391, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, and International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Petitioners,**

v.

**Hiram H. WARD, United States District Judge for the Middle District of North Carolina, Winston-Salem Division, Respondents.**

No. 74–1593.

United States Court of Appeals,
Fourth Circuit.

May 21, 1974.

David Previant, Milwaukee, Wis., Hugh J. Beins, Washington, D. C., for petitioners.

J. W. Alexander, Jr., Charlotte, N. C., for respondent.

Before WINTER, RUSSELL and WIDENER, Circuit Judges.

## MEMORANDUM AND ORDER

WINTER, Circuit Judge.

From the above-entitled petition for mandamus, supplement to petition for writ of mandamus, exhibits annexed to both, filed by Local 391, etc. (the Unions), and the oral response of counsel for Pilot Freight Carriers, Inc. (Pilot) at the hearing before the undersigned on May 20, 1974, it appears as follows:

In Nos. 74–1454 and 74–8036, Pilot Freight Carriers, Inc. v. International Brotherhood, etc., et al., 4 Cir., 497 F. 2d 311, we affirmed in part and modified in part a preliminary injunction in a labor dispute. We thought the injunction as modified was proper under the limited exception, created by the decision in Boys Markets, Inc. v. Retail Clerks Union, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970), to the bar of the Norris-LaGuardia Act, 29 U.S.C. § 101 et seq., to such injunctions. We concluded that there was an arbitrable question, between the no-strike clause of the master labor agreement and the clause giving union members the right to refuse to cross a primary picket line, as to whether the Unions had the right under the agreement to advise their members of their right to honor such a picket line, and to provide financial support to members exercising that right. Although we sustained the injunction as modified, we directed the district court to consider whether it should be continued during the pending arbitration.

Following remand, Pilot moved for a rule directed to the Unions to show cause why they should not be held in contempt for violation of the injunction. The Unions moved to dissolve the injunction on the ground that final arbitration had been had under each of the contracts. Specifically, the Unions allege that, with respect to the so-called road and city contracts, the National Grievance Committee has determined that Article 9 prevails over conflicting articles and the Unions may advise members of their right to refuse to cross a primary picket line established by Local 512 and may provide financial assistance to members observing authorized primary picket lines. With respect to office workers, the Bi-State Grievance Com-

mittee—the arbitration body of last resort—determined that while concerted action on the part of a local union is a violation of Article 10, Local 391 did not participate in concerted action in violation of Article 10. With respect to maintenance workers, the Bi-State Committee—the arbitration body of last resort—decided "deadlocked," the contract provided no further avenue of arbitration, and each party had the right to pursue its own remedies.

When Pilot's and the Unions' motions came on for scheduling on May 14, respondent orally ruled that he would consider Pilot's motion first and he would not consider Unions' motions to dissolve unless or until Unions were found not in contempt, or, if found in contempt, their contempt was purged. The effect of the ruling may be to continue for an indefinite period a hearing on and decision of Unions' motions and, thus, to continue for an indefinite period the temporary injunction theretofore granted.

 We think that the Unions have alleged a colorable claim to dissolution of the injunction. If the factual basis on which the *Boys Markets* exception was predicated has ceased to exist, i. e., that all possible arbitration has been exhausted and it has not been determined that the conduct of the Unions violates the several labor contracts, the injunction should be dissolved forthwith. This is so because of the strong, clear and explicit Congressional policy embodied in § 104 of the Norris-LaGuardia Act, prohibiting, *inter alia*, injunctions to restrain the payment of strike or unemployment benefits or insurance, or giving advice or notifying persons to cease or refuse to perform work. It is true also because our previous mandate implicitly decides that the injunction should be continued only as long as arbitration was pending and not concluded with respect to the issues we identified as arbitrable. Whatever may be the general

discretion of a district judge to withhold consideration of a motion to dissolve an injunction until he has determined whether the person enjoined should be held in contempt for failure to obey the injunction, Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897), we have no doubt that in the context of a labor injunction in a federal court the district judge, in accordance with the policy of the Act, is obliged to hear and decide the motion to dissolve as a first order of business, except in those rare instances when both motions can be heard simultaneously or *seriatim* in a matter of hours and immediately decided. Here, we do not decide that the motions to dissolve must be granted. Although the Unions have presented a colorable case for dissolution, Pilot contests whether there has been final arbitration in favor of the Unions. We do decide that on the facts as alleged, the district judge should hear and decide the Unions' motions before adjudicating whether the Unions should be held in contempt. Even if the district court dissolves the injunction, we do not think that such action would limit its subsequent authority to decide if the Unions were in contempt prior to dissolution.

 We think this is an appropriate case in which to issue a writ of mandamus to carry out the views set forth above. This is not a case like Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); and LaBuy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); where mandamus under the supervisory authority of a court of appeals, to correct persistent, improper practices on the part of a district court, was recognized or applied. But the Unions have no present remedy to obtain appellate review of respondent's ruling to defer consideration of their motions to dissolve, and counsel are unable to suggest how

the Unions would have any such future remedy. In the event that the issuance or denial of an injunction is appealed, we are required to hear and decide the matter with "the greatest possible expedition . . . " 29 U.S.C. § 110. We think that the district court should act with like dispatch, including a non-frivolous motion to dissolve an injunction theretofore granted. Otherwise, if the motions are well grounded and their decision delayed, an injunction against protected activities in a labor dispute in violation of the Norris-LaGuardia Act will continue for an indefinite period. In accordance with our holding in Schwab v. Coleman, 145 F.2d 672 (4 Cir. 1944), we think that mandamus should issue to protect our appellate jurisdiction and to enable us to exercise it expeditiously. In this way, if the motions are well grounded, the policy of Congress to withhold "jurisdiction" to grant injunctions in labor disputes, which surely includes the policy to limit "jurisdiction" to continue injunctions, except in strict compliance with the Act, will be fully served. Additionally, mandamus will protect our prior mandate by insuring that its implicit holding will be carried out. United States v. United States District Court, 334 U.S. 258, 68 S.Ct. 1035, 92 L.Ed. 1351 (1948); Yablonski v. United Mine Workers of America, 147 U.S.App.D.C. 193, 454 F.2d 1036 (1971).

It is, therefore, with the concurrence of Judge Russell and Judge Widener, ordered

That leave to file the petition for mandamus be, and it is hereby granted; and

That a writ of mandamus directing respondent forthwith to hear and determine the Unions' motions to dissolve the preliminary injunction heretofore granted, before respondent enters upon a determination of Pilot's motion to adjudge the Unions in contempt for failure to obey said injunction, shall issue.